(No. 4451— )

Robert Isham, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 11, 1952.*

D. F. Rumsey, Attorney for Claimant.

Ivan A. Elliott, Attorney General; Charles H. Evans, Assistant Attorney General, for Respondent.

Delaney, J.

Robert Isham, claimant, filed his complaint on June 28, 1951, seeking an award under the provisions of the Workmen's Compensation Act for an injury to his left foot, as the result of an accident arising out of and in the course of his employment at the Southern Illinois University, Carbondale, Illinois.

On December 28, 1950, claimant, employed by respondent as a guard, stepped on a mat inside the school canteen. The floor was highly polished. The mat slipped, causing claimant to fall, and his left leg hit the wall and baseboard. His left leg and ankle were broken in three places.

Claimant was treated by Dr. John S. Lewis. Respondent has paid the following medical and hospital bills for claimant: Dr. John S. Lewis, $176.50; hospital bill of $71.50, and ambulance service of $15.00.

No question has been raised by respondent as to the compliance by claimant with all the jurisdictional requirements of the Workmen's Compensation Act, and from the record in this case all such requirements have apparently been complied with.

At the time of the accident, claimant had no children under 16 years of age dependent upon him

for support, and the earnings of claimant during the year immediately preceding his injury amounted to $2,316.00. His compensation rate would, therefore, be the maximum of $15.00. Since the injury occurred subsequent to July 1, 1949, this must be increased 50%, making a compensation rate of $22.50 per week.

The record consists of the complaint, Departmental Report, stipulation waiving briefs of both parties, and transcript of evidence.

Examination by Commissioner Summers of this Court of claimant's left foot at the time of the hearing showed the ankle to be completely immobile, and increased in size, which had not been reduced by treatment.

Neither the claimant nor the respondent produced a medical report of claimant's treatment by Dr. Lewis. In the absence of this report, it is the opinion of our Commissioner from his examination of claimant's left foot that he has suffered a 50% loss of use of his left foot, as a result of the injury he received December 28, 1950.

We find that claimant is entitled to an award for a 50% permanent loss of use of his left foot, under Section 8, Paragraph (e) (14), Workmen's Compensation Act, for 67½ weeks. Therefore, claimant is entitled to 67½ weeks at $22.50 per week, or the sum of $1,518.75.

Claimant was entitled to temporary total disability from December 28, 1950 to March 5, 1951, a total of 9 3/7 weeks, at his compensation rate of $22.50 per week, or the sum of $212.13. The evidence shows that during the period of temporary total disability the claimant was paid the sum of $454.92, or his full salary. From the total award must be deducted the sum of

$242.79, representing an overpayment of money paid by respondent to claimant for temporary total compensation, leaving a balance of $1,275.96.

An award is, therefore, entered in favor of claimant, Robert Isham, in the sum of $1,275.96, all of which has accrued, and is payable forthwith.

An award is also entered in favor of Nina Lee Patton for stenographic services in the amount of $12.45, which is payable forthwith. The Court finds that this is a fair, reasonable and customary charge, and said claim is allowed.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".